UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Albert Adamcyk, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 06 C 797 |
| | ) | |
| | ) | |
| Sgt. McCullough, et al., | ) | |
| Defendants. | ) | Honorable Charles R. Norgle, Sr. |

**OPINION AND ORDER**

Charles R. Norgle, District Judge

Before the court are Defendants' Motions for Summary Judgment. For the following reasons, the Motions are denied.

## I. BACKGROUND

### A. Facts

The parties agree to the following material facts, most of which are set out by the Defendants in their Motion for Summary Judgment, and in the parties' Statements of Uncontested Facts. They are also discussed by the Plaintiff in his deposition, and in his response to the Defendants' Motions.

Plaintiff, Albert Adamcyk, was an inmate at the Cook County Jail on June 26, 2005. He was housed in Division 8, known as the Residential Treatment Unit ("RTU"), a housing unit for persons with mental or physical disabilities. Plaintiff agreed that it was safer for him there than on the regular housing units at the Jail, due to the charges against him, namely, aggravated

1

criminal sexual assault. On the date in question, June 26, 2005, Plaintiff's living unit was taken by Officer Lara, one of the Defendants, to the recreation area for the RTU. Prior to that time, Plaintiff had not told any of the Defendants that he was fearful of an attack from any of the inmates in his living unit.

Once Plaintiff's living unit (Dorm B 3) reached the recreational area, where there was a pool table and other equipment for the inmates' use, Officer Lara left. Plaintiff saw no officer in the recreational area at the time. Inmate Phelps pushed Plaintiff and told him that it was his turn, not Plaintiff's, to play pool. Plaintiff did not feel threatened nor did he call for assistance. Instead, he said, "Why do black guys always want their way." Another inmate, Jarvis Hankerson, said to Plaintiff, "Why are you always causing trouble boy?" to which Plaintiff responded, "I didn't cause any trouble, boy." After this interchange, inmates Phelps and Hankerson attacked Plaintiff, as did a number of other inmates. Plaintiff did not call for help during the entire attack. Sergeant McCullough, another Defendant, arrived at the scene after the attack. She obtained medical care for him. He suffered numerous injuries and received treatment for them. (Plaintiff's version of the attack appears in his Deposition at pp.37-44. Defendants do not disagree with the facts as presented herein).

Several days later, on June 30, 2005, Plaintiff filed a grievance about the attack. The following month, on July 15, 2005, Plaintiff met with Defendant Superintendent Salazar, at which time he told her about the attack and asked whether or not inmates Phelps and Hankerson would be criminally charged for their actions against him. Plaintiff did not request to be transferred to a different living unit. The two inmates involved in the attack had already been transferred. Finally, Plaintiff stated that he never witnessed any other attacks on inmates in the recreation room area.

2

The following key material facts are not agreed to by the parties. Plaintiff states several times, in his complaint and in his deposition, and other pleadings, that he never saw an Officer on the recreation unit until after the attack was over, at which time Sergeant Salazar appeared. P. Dep. Pp. 24-29. He claims that the attack lasted five to ten minutes and that there were about 35 inmates in the recreation room. P. Dep. P. 26. Whereas Defendants submit a roster sheet, showing that Officer Hurtado, also a Defendant, was assigned to replace Officer Lara on the recreation unit at the time of the attack. They did not submit any other evidence regarding whether or not there was an Officer on the recreation unit during the time of the attack or any other matters relevant to the assignment of officers or the attack.

## B. Procedural History

The Plaintiff, currently an inmate at Menard Correctional Center, and previously a pretrial detainee at the Cook County Jail ("Jail") has brought this *pro se* civil rights action pursuant to 42 U.S.C. §1983, claiming that the Defendants, officers at the Jail, violated his constitutional rights by failing to protect him from other inmates whom he claims attacked him, while the inmates from his living unit were on the recreation tier at the jail. He further claims that no guard was on the recreation unit at the time of the attack. This matter is before the court for consideration of the Defendants' Motion for Summary Judgment. There are actually two such Motions docketed, [#69-70].

Plaintiff was sent the LR 56.2 Warning for *pro se* Plaintiffs regarding summary judgment. Defendants also submitted LR 56.1 statement of material facts. Plaintiff submitted a Motion for Opposition to Defendants' Summary Judgment Motion. Such a pleading is construed as Plaintiff's Response to Defendants' Motions for Summary Judgment and is not a motion itself.

In addition he submitted what he calls a Response to Defendants' Statement of Material Facts and Declaration in Opposition to Defendants' Motion for Summary Judgment, along with a Memorandum of Law in Support, and finally his Statement of Disputed Factual Issues, in which he contests certain of Defendants uncontested facts. The Motions are fully briefed and before the court.

## II. DISCUSSION

### A. Standard of Decision

Summary judgment will be granted when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). O'Connor v. DePaul Univ., 123 F. 3d 665, 669 (7th Cir. 1997). In weighing a motion for summary judgment, the court must take the facts in the light most favorable to the party opposing the motion and draw all reasonable inferences in that party's favor. Bahl v. Royal Indemnity Co., 115 F. 3d 1283,1289 (7th Cir. 1997); Condo v. Sysco Corp., 1 F. 3d 599, 601 (7th Cir. 1993). The party opposing the motion must present evidence of a triable issue of material fact. See Vance v. Peters, 97 F. 3d 987, 990 (7th Cir. 1996). The non-moving party is required to go beyond the pleadings and designate specific facts showing a genuine issue for trial. Bank-Leumi Le-Israel, B.M. v. Lee, 928 F. 2d 232, 236 (7th Cir. 1991). A fact is material when it would determine the outcome under the governing law. Whetstine v. Gate Rubber Co., 895 F.2d 388, 392 (7th Cir. 1990). A material fact is genuinely in dispute when "the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

## B. Defendants' Motions for Summary Judgment

### 1. *Deliberate Indifference*

Because it is the incident itself, not what happened subsequently, that is important in determining the elements of a failure to protect claim, the first point the court must address is whether or not the legal elements of a failure to protect claim would be met if the court accepted only the uncontested facts. If any material contested facts remain, then Defendants have not succeeded in their Motion for Summary Judgment.

It is well established that a person held in confinement as a pretrial detainee may not be subjected to any form of punishment for the crime for which he is charged. See, e.g., Rapier v. Harris, 172 F.3d 999, 1002 (7th Cir. 1999), citing Bell v. Wolfish, 441 U.S. 520, 535 (1979). A restriction or condition may amount to punishment if prison officials are deliberately indifferent to a substantial risk to the detainee's safety. Id. at 1005, citing Zarnes v. Rhodes, 64 F.3d 285, 290 (7th Cir. 1995). Further, jail and prison officials have an obligation to protect prisoners from one another. Zarnes, 64 F.3d at 290; see also McGill v. Duckworth, 944 F.2d 344, 347 (7th Cir.1991), cert. denied, 503 U.S. 907 (1992). To prevail, Plaintiff must be able to show that he was exposed to a substantial risk of serious harm to which Defendant was deliberately indifferent. Zarnes, 64 F.3d at 290.

In this context, "deliberate indifference" is defined as intentional or criminally reckless conduct. Salazar v. City of Chicago, 940 F.2d 233, 238 (7th Cir. 1991). Thus, to violate a pretrial detainee's due process rights, prison officials would have to intend for him to die or to suffer grievously, or they would have to act indifferently to a known risk that he would die or suffer grievously. Id. at 238-39 (noting that any act with a state of mind less than intent or

criminal recklessness, such as negligence or gross negligence, does not amount to punishment); see also Tesch v. County of Green Lake, 157 F.3d 465, 474 (7th Cir. 1998). The relevant inquiry is therefore whether correctional officials actually knew about the danger that the Plaintiff faced, not whether a reasonable official should have known. Qian v. Kautz, 168 F.3d 949, 955 (7th Cir. 1999).

In ruling on a motion for summary judgment, the court cannot weigh the affidavits or make credibility determinations. Castillo v. United States, 34 F.3d 443, 445 (7th Cir. 1994); Valentine v. Joliet Tp. High School Dist. No. 204, 802 F.2d 981, 986 (7th Cir. 1986). In the current case, there is a genuine issue of fact as to whether the Defendants were aware that the Plaintiff faced danger from known enemies and that they refused to take any action to protect him. There was clearly no notice given by the Plaintiff to any Defendant prior to the incident on June 6. However, what there was on that day was an attack on the Plaintiff with - taking plaintiff's view -no guard on the recreation area at all during the entire five-ten minute attack, where there were about 35 other inmates- or taking Defendants' view- Officer Hurtado was assigned to the living unit, but they do not indicate whether he was actually there during the attack. Further, they failed to submit an affidavit from someone keeping the jail's business records, verifying that what they submitted is what it purports to be, the officer duty roster for that day. It does appear that Officer Hurtado was not there, since Defendants submit no other evidence of any guard being there, and do not otherwise dispute Plaintiff's repeated remarks that he saw no officer at all in the recreation area during his attack.

In Farmer v. Brennan, 511 U.S. 825 (1994), the Supreme Court held that prison officials may be held liable under Eighth Amendment for denying humane conditions of confinement only if

they know that inmates face substantial risk of serious harm and disregard that risk by failing to take reasonable measures to abate it. In the present case, Plaintiff was a pretrial detainee, not a prisoner. It is therefore the Fourteenth Amendment, not the Eighth Amendment that is applicable here. However, in deliberate indifference cases, the same basic standards apply to pretrial detainees as to convicted felons. Pretrial detainees enjoy "at least as great as the Eighth Amendment protections available to a prisoner." See City of Revere v. Massachusetts Gen. Hosp., 463 U.S. 239, 244 (1983); Estate of Cole by Pardue v. Fromm, 94 F.3d 254, 259 n.1 (7th Cir. 1996), cert. denied, 519 U.S. 1109 (1997). Therefore, the standard set forth in Farmer, and used in all subsequent cases cited above, is the correct standard to apply.

## 2. *Supervisory Defendants*

Plaintiff sues Officers Lara and Hurtado, who would be the Defendants personally involved with Plaintiff's care in the recreation area. But he also sues supervisory personnel, McCullough, Wright and Salazar, none of whom would be involved in the day-to-day care of Plaintiff, nor would they have been assigned to the recreation area. In addition, liability attaches when a supervisor knows about conduct and approves it, condones it, or turns a blind eye, none of which Plaintiff alleges or supports in his opposition to the Defendants' motions. Vance v. Peters, 97 F. 3d 987, 992-93 (7th Cir. 1996). He sues them only because they are supervisors. The basic issue in the case before us, is whether Officer Lara or Officer Hurtado, either one, was actually on the recreation unit at the time of the incident. Plaintiff says he saw no one, and Defendants submit only an unverified roster listing Officer Hurtado for the date, time and place involved. For these reasons, Defendants McCullough, Wright and Salazar are all dismissed. Duncan v. Duckworth, 644 F. 2d 653, 656 (7th Cir. 1981).

The key question then becomes whether or not Defendants can benefit from their own wrongdoing. That is, can they now argue that failure to be at their assigned living unit during this attack, means that Plaintiff failed to give them notice of a substantial risk of serious harm about to happen to him? Prior notice is a requirement of stating a failure to protect claim. But Plaintiff states that he looked around and did not see any officer. Whom could he then notify? Or in the alternative, can they argue that they were there, but they simply watched and took no action, or that they were there but didn't see as thirty-five inmates attacked Plaintiff for from five to ten minutes? If that were the case, then their failure to act could amount to deliberate indifference.

Plaintiff does not dispute that he gave no warning that an attack was imminent. Arguably, Plaintiff's statements may have angered some of the other inmates, and precipitated the events that occurred. However, the court rejects the notion that Plaintiff deserved the beating due to his inciteful language, as Defendants suggest. Additionally, the court finds that there is a conflict among the parties regarding whether Officers Lara or Hurtado were actually on the recreational unit at the time of the attack, or, if they were not there, what were they doing while thirty-five inmates were left unguarded in an obviously volatile situation. See Bradich v. City of Chicago, 413 F.3d 688 (7th Cir. 2005). There are contested issues of material fact which must be decided by a jury.

## III. CONCLUSION

It is therefore ordered that Defendants' Motions for Summary Judgment are denied. The court will rule on the Plaintiff's pending Motion to Compel Discovery separately. Defendants McCullough, Wright and Salazar are dismissed. Any other pending motions are denied as moot.

ENTER:

CHARLES RONALD NORGLE, Judge
United States District Court

DATED: February 7, 2008